# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK F. OTT, | CASE NO. 1:10-cv-02144-SMS |
| Plaintiff, | |
| v. | SCREENING ORDER |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| | (Doc. 5) |
| Defendant. | |

_____/

Plaintiff Jack F. Ott, proceeding *pro se* and *in forma pauperis*, has filed a complaint seeking review of the decision of Defendant Commissioner that denied Plaintiff's application for social security disability benefits under the Social Security Act (42 U.S.C. § 301 *et seq.)* (the "Act").  This Court has screened Plaintiff's complaint and hereby provides Plaintiff with the option of proceeding with his original complaint or amending his complaint as discussed herein.

## I.    Screening

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).   Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the action states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.

///

1

1    **II.    Scope of Review**

2          Congress has provided a limited scope of judicial review of the Commissioner's decision

3    to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

4    a court must determine whether substantial evidence supports the Commissioner's decision.  42

5    U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla" (*Richardson v.*

6    *Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance.  *Sorenson v. Weinberger*, 514

7    F.2d 1112, 1119 n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might

8    accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.  The record as a

9    whole must be considered, weighing both the evidence that supports and the evidence that

10   detracts from the Commissioner's decision.  *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

11   In weighing the evidence and making findings, the Commissioner must apply the proper legal

12   standards.  *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This Court must

13   uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper

14   legal standards, and if the ALJ's findings are supported by substantial evidence.  *See Lewis v.*

15   *Astrue*, 498 F.3d 909, 911 (9th Cir. 2007);  *Sanchez v. Secretary of Health and Human Services*,

16   812 F.2d 509, 510 (9th Cir. 1987).

17         In reviewing the Commissioner's decision, the Court may not substitute its judgment for

18   that of the Commissioner.  *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).  The Court "must

19   consider the entire record as a whole, weighing both the evidence that supports and the evidence

20   that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a

21   specific quantum of supporting evidence."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.

22   2007) (*internal citation and quotation marks omitted*).

23   **III.    Legal Standards for Disability Benefits**

24         To qualify for benefits, a claimant must establish that he or she is unable to engage in

25   substantial gainful activity because of a medically determinable physical or mental impairment

26   which has lasted or can be expected to last for a continuous period of not less than twelve

27   months.  42 U.S.C. § 1382c (a)(3)(A).  A claimant must demonstrate a physical or mental

28   impairment of such severity that he or she is not only unable to do his or her previous work, but

cannot, considering age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

To encourage uniformity in decision making, the Commissioner has promulgated regulations prescribing a five-step sequential process for evaluating an alleged disability. 20 C.F.R. §§ 404.1520 (a)-(f); 416.920 (a)-(f). The process requires consideration of the following questions:

Step one:    Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two:    Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four:   Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Step five:   Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n. 5 (9th Cir. 1995).

Generally, the written decision prepared by the Administrative Law Judge ("ALJ") will set forth his or her analysis of a claimant's disability application using these five steps.

**IV.    Discussion of Plaintiff's Complaint**

Plaintiff has prepared his complaint in the form of a letter to the judge, rather than using the traditional form of complaint, which consists of numbered allegations setting forth facts relevant to his request for review. Nonetheless, Plaintiff's complaint clearly sets forth both a general claim that the Commissioner's decision was not supported by substantial evidence and a claim that the ALJ improperly disregarded the opinion of his treating physician. This Court's review of the Commissioner's decision is circumscribed by the scope of review and limited to the contents of the agency record of Plaintiff's application. In addition, Plaintiff will have the opportunity to argue his two claims in more detail in his opening brief, which he shall be directed

1  to submit at a later stage of his pending appeal.   Accordingly, this Court considers Plaintiff's

2  complaint to be sufficient to permit this Court to review the Commissioner's determination with

3  regard to the two claims apparent from the complaint.

4      Nonetheless, if the Court has failed to recognize any claim that Plaintiff intended to make

5  through his initial filed complaint, Plaintiff may amend the complaint to clearly set forth all of

6  his claims and the factual basis for each claim.   In determining whether he wants to amend his

7  complaint to clarify his intent to include additional claims, Plaintiff may wish to be guided by

8  this Court's scope of review, set forth above, and by the five-step analysis set forth above and

9  applied by the ALJ in his or her decision.   If Plaintiff elects to amend his complaint, as this order

10 permits him to do, he should prepare it in the standard form of numbered statements, each of

11 which sets forth a single factual allegation.

12     Plaintiff should also note that, although the Commissioner and this Court may reach their

13 determinations based, in whole or in part, on medical records of Dr. Patel's treatment of Plaintiff

14 and on Dr. Patel's opinions regarding Plaintiff's specific medical conditions, abilities, or

15 limitations, Dr. Patel's opinion regarding the ultimate determination of whether Plaintiff is or is

16 not disabled under the Act is not binding on the Commissioner or this Court.   In general, a

17 treating doctor's opinion is entitled to deference. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.

18 2007).   This rule does not apply to a treating doctor's opinion regarding the ultimate issue of

19 disability. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th

20 Cir. 2004).   An ALJ is entitled to reject a treating physician's conclusion that a plaintiff's

21 condition rendered him disabled and unemployable since that is not the doctor's role. *Id.* at 1195

22 (noting that a treating physician's opinion is "not binding on an ALJ with respect to the . . .

23 ultimate determination of disability"); 20 C.F.R. § 404.1527(e)(3); SSR 96-5p (stating that an

24 opinion that a claimant is disabled, "even when offered by a treating source, can never be entitled

25 to controlling weight or given special significance").

26 **V.   Conclusion and Order**

27     Although Plaintiff's complaint was prepared in a nonstandard form, this Court considers

28 it to allege two claims.   In the event that the Court has failed to identify any additional claims that

4

Plaintiff intended to make, this Court will provide Plaintiff with the opportunity to file an amended complaint more clearly setting forth his intended claims. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the two claims identified by the Court, Plaintiff may so notify the Court in writing, and the Clerk will provide him with further instructions on how to proceed to serve the Commissioner.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that, on or before February 10, 2011, Plaintiff must either (1) file an amended complaint, or (2) notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the two claims identified by the Court. If Plaintiff fails to respond by February 10, 2011, this action will proceed on Plaintiff's original complaint.

IT IS SO ORDERED.

**Dated:    January 6, 2011**                             /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE