1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JACK F. OTT,                    )      1:10-cv-02144-SMS
                                    )
12              Plaintiff,          )      **INFORMATIONAL ORDER**
                                    )      **FOR PRO SE LITIGANTS**
13      v.                          )
                                    )      **Plaintiff's Opening**
14  MICHAEL J. ASTRUE,              )      **Brief Due: 2/29/12**
    Commissioner of Social          )
15  Security,                       )
                                    )
16              Defendant.          )
    ─────────────────────────────  )
17

18      Plaintiff is proceeding pro se in this action seeking

19  judicial review of an administrative decision of the Commissioner

20  of Social Security that denied, in whole or in part, plaintiff's

21  claim for benefits under the Social Security Act.

22      **This order provides the following helpful information, and**

23  **basically serves as a guide, for pro se litigants. It is strongly**

24  **suggested that plaintiff read and re-read this order and keep it**

25  **readily available for reference.**

26  ///

27  //

28  /

1

1    Pursuant to the Scheduling Order (Doc. 13), within **one**
2    **hundred twenty (120) days** after service of the complaint,
3    defendant is required to serve a copy of the administrative
4    record on plaintiff and also file or lodge the administrative
5    record with the Court, which <u>serves as defendant's answer to the</u>
6    <u>complaint in this proceeding</u>.  On August 31, 2011, defendant
7    filed the administrative record (Doc. 20).

8    Therefore, plaintiff's opening brief *must* be filed and
9    served no later than **ninety-five (95) days** after the
10   administrative record is lodged with the court, or by on or about
11   December 6, 2011.  However, since approximately May of 2011, this
12   Court's staff has attempted to assist plaintiff in locating legal
13   counsel, which is in the best interest of all concerned.  At
14   least five (5) separate attorneys have considered and/or reviewed
15   plaintiff's case, and each have declined representation, the last
16   declination on December 2, 2011.

17   Therefore, in the throes of the holidays, **plaintiff is**
18   **HEREBY ORDERED to file his opening brief by February 29, 2012,**
19   **with or without the assistance of legal counsel, utilizing the**
20   **following guidelines:**

21   <u>Plaintiff's Opening Brief</u>

22   Plaintiff *must* serve a copy of the opening brief on <u>all</u> the
23   attorneys listed for defendant on the court docket of the case at
24   the addresses noted on the court docket as follows:

25                    **Armand D. Roth**
                      Social Security Administration
26                    Office of General Counsel
                      333 Market Street, Ste 1500
27                    San Francisco, CA 94105
                      415-977-8924
28

**Alyson A. Berg**
United States Attorney's Office
2500 Tulare Street, Suite 4401
Fresno, CA 93721
559-497-4000

Plaintiff *must* also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, CA 93721

Plaintiff's opening brief *must* contain the following:

**(1)** a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

**(2)** a summary of the administrative proceedings before the Social Security Administration;

**(3)** a summary of the relevant testimony at the administrative hearing;

**(4)** a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

**(5)** a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

**(6)** a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

//

3

1    **(7)**   argument separately addressing each claimed error.

2    All references to the administrative record and all

3    assertions of fact *must* be accompanied by citations to the

4    administrative record.   Argument in support of each claim of

5    error *must* be supported by citation to legal authority and

6    explanation of the application of such authority to the facts of

7    the particular case.   Briefs that do not substantially comply

8    with these requirements will be stricken.   A document that is

9    stricken becomes null and void and is not considered by the Court

10   for any purpose.

11   Plaintiff is further advised that failure to timely file an

12   opening brief will result in dismissal of the action.

13   Defendant's Brief

14   Pursuant to the Scheduling Order, defendant's responsive

15   brief is due filed and served on plaintiff within **thirty (30)**

16   **days** from the date of service of plaintiff's opening brief on

17   defendant.

18   Plaintiff's Reply Brief

19   Plaintiff may file a reply brief, but is not required to do

20   so, within **fifteen (15) days** from the date defendant served its

21   responsive brief on plaintiff.   Plaintiff *must* serve a copy of

22   the reply brief on defendant by serving the United States

23   Attorney for the Eastern District of California at the address in

24   Fresno, CA, noted above.   Plaintiff *must* also file the original

25   reply brief, together with a copy, with the Court at the Court's

26   address in Fresno, CA, noted above.

27   Plaintiff's reply brief should respond to the arguments made

28   in defendant's responsive brief.

4

1    <u>The Court's Decision on the Merits</u>

2        The Court will consider the merits of the case only after

3    <u>all</u> briefs have been filed, and may enter a judgment affirming,

4    modifying, or reversing the determination of the Social Security

5    Administration.  The Court may or may not remand the case to the

6    Social Security Administration for a further hearing.

7        <u>Rules for Litigating the Action</u>

8        In litigating this action, the parties *must* comply with the

9    Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local

10   Rules of the United States District Court, Eastern District of

11   California ("Local Rules").  The Local Rules may be found on

12   court's website at www.caed.uscourts.gov.

13       Local Rule 206 is a special rule for social security

14   actions.  Specifically (a)(2) generally states that complaints

15   *shall* contain the last four digits of plaintiff's social security

16   number *only*, i.e., XXX-XX-1234, and that plaintiff shall

17   privately disclose to defendant, within **five (5) days** after a

18   request is made to plaintiff, the full social security number of

19   plaintiff.

20       Therefore, plaintiff shall refrain from disclosing the

21   entire social security number on any filings.

22       <u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A</u>

23   <u>COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL</u>

24   <u>OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule 110; Fed.R.Civ.P.

25   41(b).

26       Documents intended to be filed with the Court *must* be mailed

27   to the Clerk of the Court in Fresno, CA, at the address noted

28   above.  <u>See</u> Local Rule 134(a).  <u>All documents inappropriately</u>

1   <u>mailed directly to a judge's chambers will be stricken from the</u>

2   <u>record</u>.   A document requesting a court order *must* be styled as a

3   motion, <u>not</u> a letter.   <u>See</u> Fed.R.Civ.P. 7.

4       Each document submitted for filing *must* include the original

5   signature of the filing party or parties.   Local Rule 131;

6   Fed.R.Civ.P. 11(a).   <u>All documents submitted without the required</u>

7   <u>signature(s) will be stricken</u>.   Each separate document *must* be

8   separately stapled.   <u>See</u> Local Rule 130.   If a document is

9   stapled behind another document, it will not be filed and will

10  not enter the court docket.

11      All documents filed with the Court *must* be submitted with an

12  additional legible copy to be conformed for the Court's use.   <u>See</u>

13  Local Rule 133(d)(2).   <u>A document submitted without an extra copy</u>

14  <u>for the Court's use will be stricken</u>.   If the filing party wishes

15  the Court to return a file-stamped copy, an additional copy *must*

16  be provided for that purpose (i.e., an original and two copies,

17  one for the Court's use and one to be returned to the filing

18  party), together with a self-addressed, stamped envelope.   <u>The</u>

19  <u>Court cannot provide copy or mailing service for a party, even</u>

20  <u>for an indigent plaintiff proceeding in forma pauperis</u>.   Copies

21  of documents from the Court's file may be obtained in the Clerk's

22  Office at the cost of fifty ($.50) cents per page.

23      After any defendant has appeared in an action by filing a

24  pleading responsive to the complaint (i.e., an answer or a motion

25  to dismiss), all documents filed with the Court *must* include a

26  proof of service stating that a copy of the document was served

27  on the opposing party.   *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local

28  Rule 135.   **A document submitted without the required proof of**

1  **service will be stricken**.  Where a party is represented by
2  counsel, service on the party's attorney of record constitutes
3  effective service.

4       A pro se party has an affirmative duty to keep the Court and
5  opposing parties apprised of a current address.  If plaintiff
6  moves and fails to file a notice of change of address, service of
7  court orders at plaintiff's prior address shall constitute
8  effective notice.  <u>See</u> Local Rule 182(f).  If mail directed to
9  plaintiff is returned by the United States Postal Service as
10 undeliverable, the Court will not attempt to re-mail it.  <u>If</u>
11 <u>plaintiff's address is not updated, in writing, within **sixty (60)**</u>
12 <u>**days** of mail being returned, the action will be dismissed for</u>
13 <u>failure to prosecute</u>.  <u>See</u> Local Rule 183(b).

14

15 IT IS SO ORDERED.

16 **Dated:    December 7, 2011**              _____/s/ Sandra M. Snyder_____
                                    UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28